IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CR-00077-M
Case No. 5:23-CV-00654-M

EDWARD DOMINIQUE DEVONE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

    This matter comes before the court on Petitioner's pro se motion to vacate under 28 U.S.C. § 2255 [DE 41]. Petitioner raises one claim of ineffective assistance of counsel, contending that he instructed his counsel to file a direct appeal, but she failed to do so. DE 41 at 4. Petitioner supports this contention with a sworn declaration from his counsel, who avers that "[Petitioner] orally instructed [her] to file a notice of appeal with the Fourth Circuit Court of Appeals," but that "[a] notice of appeal was not filed by [her] office" through no "error on the part of [Petitioner]." DE 41-1 at 2. The United States filed a response, taking the position that there is "no opposition to the [c]ourt re-entering judgment to permit [Petitioner] to file a timely notice of appeal." DE 47 at 2.

    Counsel renders constitutionally deficient service by failing to follow a client's unequivocal instruction to file a timely notice of appeal. *Peguero v. United States*, 526 U.S. 23, 28 (1999); *Rodriquez v. United States*, 395 U.S. 327, 330 (1969). In such cases, prejudice is presumed. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). The proper remedy is to "allow[ Petitioner to file] a direct appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

1

Based on the undisputed record before the court, as well as the consent of the United States, the court GRANTS Petitioner's motion [DE 41], and VACATES the Judgement [DE 39]. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (explaining that remedy is "to vacate [the] judgment of conviction and enter a new judgment from which an appeal can be taken"); *Harris v. United States*, 629 F. Supp. 2d 563, 567 (N.D.W. Va. 2009) ("the petitioner's § 2255 petition must be granted . . ., and the judgment must be vacated and a new judgment entered from which the petitioner may take an appeal"). The Clerk of Court is directed to re-enter judgment in this matter, so that Petitioner is afforded the opportunity file a direct appeal. *See* Fed. R. App. 4(b)(1)(A)(i).

SO ORDERED this 16th day of August, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE